LATHAM & WATKINS LLP
Elizabeth L. Deeley (CA Bar No. 230798)
  *elizabeth.deeley@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

Susan E. Engel (*pro hac vice* pending)
  *susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Serrin Turner (*pro hac vice* pending)
  *serrin.turner@lw.com*
885 Third Avenue
New York, NY 10022-4834
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

Attorneys for Defendant *Zynga Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| CAROL JOHNSON and LISA THOMAS, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>ZYNGA INC.,<br><br>       Defendant. | Case No. 4:20-cv-02024-YGR<br><br>**DEFENDANT ZYNGA INC.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, COMPEL DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   July 28, 2020<br>Time:  2:00 p.m.<br>Court: Courtroom 1, 4th Floor<br>Hon.   Yvonne Gonzalez Rogers |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 28, 2020, at 2:00 p.m., in Courtroom 1 of the United States District Court for the Northern District of California, located at 1301 Clay Street, Oakland, California, Defendant Zynga Inc. ("Zynga") will and hereby does move for an order compelling arbitration of Plaintiffs' claims, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, and staying all proceedings in this action pending conclusion of the arbitration.[1]

Zynga's motion is based on (1) this Notice of Motion and Motion, (2) the Memorandum of Points and Authorities, (3) the concurrently filed Declarations of Serrin A. Turner, Andrea Courant and Jessup Ferris, (4) the pleadings and papers on file in this action, (5) the arguments of counsel, and (6) any other matter that the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT:**

Zynga seeks an order pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, compelling the arbitration of all of Plaintiffs' claims and staying all proceedings in this action pending conclusion of the arbitration.

DATED:  May 26, 2020

LATHAM & WATKINS LLP

*/s/ Elizabeth L. Deeley*
Elizabeth L. Deeley (CA Bar No. 230798)
*elizabeth.deeley@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095

---

[1] This motion satisfies Zynga's obligation to respond to the Complaint at this stage. *See Marchand v. Northrop Grumman Corp.*, No. 16-cv-06825-BLF, 2017 WL 2633132, at *6 (N.D. Cal. Jun. 19, 2017) ("Defendant's Motion to Compel Arbitration and to Dismiss suffices as a 'responsive pleading' to Plaintiff's Complaint") (citation omitted); *see generally Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607-08 (10th Cir. 2011) (explaining that parties moving to compel arbitration need not file an answer or assert potential defenses because such a requirement would undercut the "right *not to litigate*"). Zynga reserves the right to file a Rule 12 motion at a later time. *See Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988) (holding that a prior motion to dismiss or stay based on grounds other than Rule 12 did not bar a later Rule 12(b) motion).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

Susan E. Engel (*pro hac vice* pending)
    *susan.engel@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Serrin Turner (*pro hac vice* pending)
    *serrin.turner@lw.com*
885 Third Avenue
New York, NY 10022-4834
Telephone: +1.212.906.1200
Facsimile: +1.212.751.4864

Attorneys for Defendant *Zynga Inc.*

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

I.     INTRODUCTION ............................................................................................................. 1

II.    BACKGROUND ............................................................................................................... 2

     A.     All Zynga Players Are Required to Agree to the Terms of Service ..................... 2

     B.     Zynga's Terms Contain a Broad, Mandatory Arbitration Provision ..................... 3

     C.     Like All Zynga Players, Plaintiffs Agreed to the Terms, Including the Arbitration Provision ........................................................................................ 4

         1.     Lisa Thomas ............................................................................................. 5

         2.     Carol Johnson .......................................................................................... 6

     D.     Plaintiffs Ignored Their Agreements and Filed This Complaint ........................... 7

III.   LEGAL STANDARD ........................................................................................................ 7

IV.    ARGUMENT ..................................................................................................................... 8

     A.     Plaintiffs Agreed to Arbitration and Their Agreements Must Be Enforced ............................................................................................................... 8

     B.     The Terms Clearly and Unmistakably Delegate Any Arbitrability Questions to an Arbitrator ................................................................................... 10

     C.     If the Court Finds There Is a Genuine Factual Dispute as to Whether Plaintiffs Agreed to Arbitrate, the Court Should Compel Limited Discovery on the Issue .......................................................................... 12

V.     CONCLUSION ................................................................................................................. 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## CASES

4
*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) .......................................................................................7, 10, 12

5

*Cordas v. Uber Techs., Inc.*,
6   228 F. Supp. 3d 985 (N.D. Cal. 2017) ..............................................................................10, 12

7   *Dekker v. Vivint Solar, Inc.*,
    No. C 19-07918 WHA, 2020 WL 1429740 (N.D. Cal. Mar. 24, 2020), *appeal*
8   *pending on other grounds*, No. 20-15572 (9th Cir. Apr. 1, 2020)...........................................11

9   *Eiess v. USAA Fed. Sav. Bank*,
    404 F. Supp. 3d 1240 (N.D. Cal. 2019) ...............................................................................8, 9
10

*First Options of Chicago, Inc. v. Kaplan*,
11   514 U.S. 938 (1995) .................................................................................................................9

12   *Fridman v. Uber Techs., Inc.*,
    No. 18-cv-02815-HSG, 2019 WL 1385887 (N.D. Cal. Mar. 27, 2019) ................................11
13

*Green Tree Fin. Corp.-Ala v. Randolph*,
14   531 U.S. 79 (2000) ..................................................................................................................8

15   *Henry Schein Inc. v. Archer & White Sales Inc.*,
    139 S. Ct. 524 (2019)........................................................................................................7, 11
16

*Kum Tat Ltd. v. Linden Ox Pasture, LLC*,
17   845 F.3d 979 (9th Cir. 2017) ..................................................................................................8

18   *Leicht v. Bateman Eichler, Hill Richards, Inc.*,
    848 F.2d 130 (9th Cir. 1988) ...................................................................................................8
19

*Lomeli v. Midland Funding, LLC*,
20   No. 19-CV-01141-LHK, 2019 WL 4695279 (N.D. Cal. Sept. 26, 2019)................................8

21   *Martinez v. Terminex Int'l Co., L.P.*,
    No. 15-cv-00619-THE, 2015 WL 12826468 (N.D. Cal. May 20, 2015)................................12
22

*McLellan v. Fitbit, Inc.*,
23   No. 3:16-cv-00036-JD, 2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) .................................12

24   *McLellan v. Fitbit, Inc.*,
    No. 3:16-CV-00036-JD, 2018 WL 1913832 (N.D. Cal. Jan. 24, 2018)................................10
25

*Meyer v. Uber Techs., Inc.*,
26   868 F.3d 66 (2d Cir. 2017)....................................................................................................10

27   *Mohamed v. Uber Techs., Inc.*,
    848 F.3d 1201 (9th Cir. 2016) ...............................................................................................11
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983).................................................................................................8

*Nevill v. Johnson Controls Int'l PLC*,
    364 F. Supp. 3d 932 (E.D. Wis. 2019)..................................................................9

*Nguyen v. Barnes & Noble Inc.*,
    763 F.3d 1171 (9th Cir. 2014) ...........................................................................8, 9

*Norcia v. Samsung Telecomms. Am., LLC*,
    845 F.3d 1279 (9th Cir. 2017)...............................................................................8

*Peter v. DoorDash, Inc.*,
    No. 19-CV-06098-JST, 2020 WL 1967568 (N.D. Cal. Apr. 23, 2020) ...............10

*Rent-A-Ctr., W., Inc. v. Jackson*,
    561 U.S. 63 (2010)................................................................................................8

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) ...............................................................................12

*Strain v. Murphy Oil USA, Inc.*,
    No. 6:15-cv-3246-MDH, 2016 WL 540810 (W.D. Mo. Feb. 9, 2016) ...................9

*Swift v. Zynga Game Network, Inc.*,
    805 F. Supp. 2d 904 (N.D. Cal. 2011)..................................................................10

*In re Uber Text Messaging*,
    No. 18-CV-02931-HSG, 2019 WL 2509337 (N.D. Cal. Jun. 18, 2019) .................8

*Williams v. Eaze*,
    417 F. Supp. 3d 1233 (N.D. Cal. 2019)................................................................12

**STATUTES**

9 U.S.C.
    §§ 1-16.................................................................................................................7
    § 2.......................................................................................................................7
    § 3.......................................................................................................................8
    § 4...................................................................................................................7, 12

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3      On September 12, 2019, Zynga—a leading developer of popular online mobile games—

4   disclosed that criminal hackers had illegally accessed player account information for certain Zynga

5   games (the "Attack").  Compl. ¶ 1 & n. 1 (citing Sept. 12, 2019 Player Security Announcement).

6   Nearly six months later, this lawsuit was filed by two alleged Zynga players purportedly aggrieved

7   by the Attack.

8      The only information Plaintiffs allege was taken consists of players' names, email

9   addresses, phone numbers, user ID numbers on Zynga and Facebook, and their *hashed* (*i.e.*,

10   cryptographically protected) Zynga passwords.  *Id.* ¶¶ 25, 33.  Plaintiffs do not allege that any of

11   the information accessed in the attack was financially sensitive, *id.* ¶¶ 25, 37, such as social

12   security numbers or credit card numbers—information that Zynga does not even collect.  Plaintiffs

13   do not claim to have incurred any cost of any kind from the Attack.  Nor do they allege any misuse

14   of their Zynga accounts following the Attack—indeed, they acknowledge Zynga's announcement

15   at the time, which explained that Zynga promptly took steps to protect affected players' accounts

16   from unauthorized logins.  *Id.* ¶ 1 & n.1.  Plaintiffs nonetheless demand unspecified damages,

17   based on vague and unexplained assertions that the Attack has caused them to "suffer economic

18   loss and other actual harm."  *Id.* ¶ 58.

19      The case is flawed for many reasons, but first among them is that it belongs in arbitration,

20   not this forum.  All Zynga players are required to accept Zynga's Terms of Service ("Terms")

21   when they play Zynga games.  And those Terms have long contained a mandatory arbitration

22   provision that broadly applies to all claims "relating to" Zynga or its games.  The provision also

23   clearly and unmistakably delegates any disputes about arbitrability to an arbitrator.  Plaintiffs, who

24   accepted Zynga's Terms, are no exception to the requirements that their claims be arbitrated, and

25   that any disputes about arbitrability be determined by the arbitrator.

26      Accordingly, this Court should compel Plaintiffs to arbitrate their claims and stay this

27   action pending the outcome of arbitration.

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

1

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

## II.   BACKGROUND

### A.   All Zynga Players Are Required to Agree to the Terms of Service

Zynga operates interactive games that can be played on mobile devices, such as Apple or Android phones or tablets, and on social networking platforms, such as Facebook.  Compl. ¶¶ 11, 13; Declaration of Jessup Ferris ("Ferris Decl.") ¶ 3.  In order to play any Zynga game, regardless of the device or platform, a player is required to accept Zynga's Terms of Service (the "Terms").  Ferris Decl. ¶ 5.  That requirement extends to the two games Plaintiffs allege were the target of the Attack:  Words With Friends and Draw Something.  Compl. ¶¶ 23-24; Ferris Decl. ¶ 5.  When playing either game for the first time, a player is shown a notification on their screen that expressly requires the user to agree to the Terms in order to continue, along with a link the user can follow to review the Terms before accepting.  Ferris Decl. ¶¶ 6-11.  There is no way for the player to go on to play without agreeing to the Terms first.  *Id.*

Likewise, whenever the Terms materially change, Words With Friends and Draw Something players must agree to the amended Terms in order to keep playing.  The Terms themselves have long provided that Zynga may change the Terms at any time by posting the amended Terms online, and that players will be deemed to have accepted such changes by continuing to play.  Declaration of Andrea Courant ("Courant Decl."), Ex. 6 (current version of the Terms) at 3; *see also id.*, Ex. 5 (May 2018 version) at 3; *id.*, Ex. 1 (Aug. 2014 version) at 2.[2]  While not required under the Terms, Zynga's practice is also to notify players of material changes through in-game notifications that require an existing player to affirmatively accept the amended Terms in order to continue playing.  Ferris Decl. ¶ 12.  Zynga provided such in-game notifications when updates were made to the Terms both on May 21, 2018, and December 18, 2019.  *Id.* ¶ 15.  At times, Zynga has sent email notifications about changes to the Terms as well.  *Id.* ¶ 13; Courant Decl., Ex. 7.

---

[2] The current version of Zynga's Terms of Service (effective December 18, 2019) is attached as Exhibit 6 to the Courant Declaration.  Prior versions, including the first version to contain a mandatory arbitration provision (effective August 11, 2014) and the version in effect at the time of the Attack (effective May 21, 2018), are attached as Exhibits 1 through 5 to the same Declaration.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

**B.    Zynga's Terms Contain a Broad, Mandatory Arbitration Provision**

Zynga's Terms have required players to arbitrate any dispute with Zynga since August 2014.  *E.g.*, Courant Decl., Ex. 6 (current) § 15; *id.*, Ex. 5 (May 2018) § 15; *id.*, Ex. 4 (Jul. 2016) § 17; *id.*, Ex. 1 (Aug. 2014) § 17.  Users are put on notice of the arbitration provision in the very first sentence of the Terms, which states in boldface, all-capitalized type:

> **IMPORTANT   NOTICE:   FOR   U.S.   AND   CANADIAN PLAYERS, AS DESCRIBED BELOW, DISPUTES BETWEEN YOU AND ZYNGA MUST BE RESOLVED BY BINDING ARBITRATION AND ON AN INDIVIDUAL BASIS UNLESS AN EXCEPTION APPLIES.**

*E.g.*, *id.*, Ex. 6 (current) at 1.  Section 15 contains the arbitration provision itself, which states:

> By voluntarily accepting these Terms (and in many of our Services by voluntarily clicking or tapping an in-game button to affirmatively indicate your agreement to these Terms), *you, Zynga, and any member of the Zynga Corporate Family all agree to the fullest extent permitted by law to resolve any claims arising out of, relating to, or in connection with the Terms, Feature Terms, Community Rules, your relationship with us, or Zynga's Services, including but not limited to your use of the Services and information you provide via the Services, through final and binding arbitration.* This applies to all claims under any legal theory, unless the claim fits within the Exceptions to Agreement to Arbitrate identified below. This agreement to arbitrate also applies even after you stop using your Zynga account or delete it.

*Id.*, Ex. 6 (current) at 13 (emphasis in original); *see also id.*, Ex. 5 (May 2018) at 13-14; *id.*, Ex. 4 (Jul. 2016) at 10; *id.*, Ex. 1 (Aug. 2014) at 11-12.

Section 15 further explains that "[t]he American Arbitration Association ('AAA') will control any arbitration between" Zynga and its players, linking to the AAA website where its rules are posted.  *Id.*, Ex. 6 (current) at 15; *see also id.*, Ex. 5 (May 2018) at 14; *id.*, Ex. 4 (Jul. 2016) at 10; *id.*, Ex. 1 (Aug. 2014) at 13.  Consistent with the AAA rules, Section 15 contains an express delegation provision, which provides that the arbitrator will decide any disagreement about the arbitrability of a dispute:

> If any party disagrees about whether this Section 15 (or any portion of this Section 15, including without limitation the provisions relating to arbitration, class action waiver, and opting out) can be enforced or whether it applies to the dispute, the parties all agree that the arbitrator will decide that, too.

*Id.*, Ex. 6 (current) at 14; *see also id.*, Ex. 5 (May 2018) at 14; Ex. 4 (Jul. 2016) at 10; *id.*, Ex. 1

LATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
SAN FRANCISCO

3

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

(Aug. 2014) at 12.

Finally, Section 15 has a subsection entitled "No Class Actions," which provides that a party may only bring suit on an individual basis.  *Id.*, Ex. 6 (current) at 15-16; *id.*, Ex. 5 (May 2018) at 15; *id.*, Ex. 4 (Jul. 2016) at 11; Ex. 1 (Aug. 2014) at 12-13.  The subsection emphasizes in plain terms and bold font:

> **That means: The parties agree that neither you nor Zynga nor any member of the Zynga Corporate Family can bring a claim as a plaintiff or class member in a class action, consolidated action, or representative action.**

*Id.*, Ex. 6 (current) at 15; *see also id.*, Ex. 5 (May 2018) at 15; *id.*, Ex. 4 (Jul. 2016) at 11; *id.*, Ex. 1 (Aug. 2014) at 12-13.

## C.    Like All Zynga Players, Plaintiffs Agreed to the Terms, Including the Arbitration Provision

Plaintiff Lisa Thomas is alleged to reside in Manitowoc, Wisconsin, while Plaintiff Carol Johnson is alleged to reside in Rogersville, Missouri.  Compl. ¶¶ 5-6.  Both allege they created a Zynga account in order to play Words With Friends (as well as Draw Something, in the case of Ms. Thomas), *id.*  ¶¶ 5-6, 16-17, and they both bring a breach of contract claim against Zynga, alleging that the Zynga Privacy Policy is an "agreement" they entered into with Zynga.  Compl. ¶¶ 15, 131-34.  They provide no further details.  Zynga has made multiple pre-motion requests for additional information, including requests for Plaintiffs' Zynga player IDs.  *See* Declaration of Serrin Turner ("Turner Decl.") ¶ 4; *id.*, Ex. 1.  In response, Plaintiffs have not provided any information beyond certain of their email addresses.  *See id.* ¶ 4; *id.*, Ex. 1.  Zynga records related to the email addresses Plaintiffs provided confirm that Plaintiffs, like every other Zynga user, had to and did agree to the Terms—including the mandatory arbitration provision.  *See* Ferris Decl. ¶¶ 16-26.  Moreover, any player who acknowledged the Privacy Policy (which Plaintiffs say they agreed to) would have done so through a notification requiring the player to accept the Terms along with it, by tapping a single button accepting both the Privacy Policy and the Terms at the same time.  *See id.* ¶ 15.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

### 1.     Lisa Thomas

Zynga has located records for a Words With Friends player with a certain email address provided for Ms. Thomas by Plaintiffs' counsel, whose name is listed in the records as "Lisa Thomas" and who has a history of accessing the game from Manitowoc, Wisconsin (based on the IP addresses used by the player).  Ferris Decl. ¶ 18.  According to Zynga's records, Ms. Thomas has consistently played Words With Friends on an Android device.  *Id.* ¶ 19.

Zynga's records reflect that Ms. Thomas first played Words With Friends on December 31, 2014, and she has continued playing to the present time.  *Id.*  Since 2014, Zynga's Terms were substantively updated in May 2018 and most recently in December 2019.  *See* Courant Decl. ¶¶ 3-8; *id.*, Exs. 1, 5, 6.  Like all players who played subsequent to those updates, Ms. Thomas received an in-game notification about the updates, advising that the Terms and Privacy Policy had been revised and requiring her to accept the amended Terms and Privacy Policy in order to continue playing.  For Android users (like Ms. Thomas) the notifications appeared as follows, for both the May 2018 and December 2019 updates:



Ferris Decl. ¶ 15.  Zynga's records show that Ms. Thomas accepted the current Terms on January 31, 2020, and the prior amended Terms on March 8, 2019.  *Id.* ¶¶ 20-21.

2.     **Carol Johnson**

Zynga has located records for a Words With Friends player with a certain email address provided for Ms. Johnson by Plaintiffs' counsel, whose name is listed in the records as "Carol Johnson" and who has a history of accessing the game from locations in Missouri (based on the IP addresses used by the player).  Ferris Decl. ¶ 23.  According to Zynga's records, Ms. Johnson has consistently played Words With Friends on an Android device.  *Id.* ¶ 24.

Zynga's records reflect that Ms. Johnson first played Words With Friends on February 16, 2016, and she continued playing up to March 9, 2018.  *Id.* ¶¶ 19,21 Like all Words With Friends players, Ms. Johnson had to agree to the Terms when she initially logged on to the game.  *Id.* ¶¶ 7-8, 11.   Zynga's records reflect that Ms. Johnson accepted the Terms and Privacy Policy on February 16, 2016, when she logged on to Words With Friends for the first time.  *Id.* ¶¶ 25-26. For Android users like Ms. Johnson, the initial login screen would have appeared as follows at the time:



*Id.* ¶ 26.  Zynga's record of Ms. Johnson's acceptance of the Terms reflects that Ms. Johnson agreed to the Terms by tapping on one of the login buttons on the screen, which advised that by doing so she would be accepting the Terms and Privacy Policy.  *Id.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

1          **D.      Plaintiffs Ignored Their Agreements and Filed This Complaint**

2          Even though, in accepting the Terms, Plaintiffs agreed they would arbitrate any disputes

3 with Zynga and would not bring any claims as a putative representative of a class, on March 23,

4 2020, Plaintiffs filed this action against Zynga purporting to represent a class of people whose

5 information was compromised in the Attack.  Compl. ¶ 4.  While they fail to specify any harm that

6 has befallen them in the six months since the Attack, Plaintiffs bring claims for monetary relief

7 under various statutory and common-law theories.  *Id.* ¶¶ 79-111, 120-77.  And despite the

8 Complaint's acknowledgement of Zynga's announcement after the Attack explaining that affected

9 accounts had been secured, and Plaintiffs' failure to identify any further security incidents

10 affecting their Zynga accounts, Plaintiffs also seek injunctive relief on the basis that their

11 information stored with Zynga is purportedly at "imminent risk" of another breach.  *Id.* ¶¶ 112-19,

12 155, 163, 177.

13 **III.     LEGAL STANDARD**

14          The Federal Arbitration Act ("FAA") governs the enforcement of arbitration agreements

15 and reflects a strong policy in favor of arbitration.  9 U.S.C. §§ 1-16; *see also* Courant Decl., Ex.

16 6 (current) at 16 (recognizing that the FAA governs interpretation and enforcement of the Zynga

17 arbitration agreement); *id.*, Ex. 5 (May 2018) at 16; Ex. 4 (Jul. 2016) at 11.  Section 2 of the FAA

18 provides that any written arbitration agreement "shall be valid, irrevocable, and enforceable, save

19 upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

20 Section 4 allows a party "aggrieved by the alleged failure, neglect, or refusal of another to

21 arbitrate" to "petition any United States district court ... for an order directing that ... arbitration

22 proceed in the manner provided for in such agreement."  *Id.* § 4.

23          In ruling on a motion to compel arbitration, the district court's role is generally limited to

24 determining whether there is an agreement to arbitrate between the parties that covers the dispute.

25 *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).  However, the parties may agree

26 to delegate "'gateway' questions of 'arbitrability'" to an arbitrator.  *Henry Schein Inc. v. Archer*

27 *& White Sales Inc.*, 139 S. Ct. 524, 529 (2019) (citation omitted).  Where such a delegation is

28 "clear and unmistakable," *id.* at 530, only two issues are left to the court's decision:  (i) whether

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

the parties "entered into a contract in the first place," *In re Uber Text Messaging*, No. 18-CV-02931-HSG, 2019 WL 2509337, at \*6 (N.D. Cal. Jun. 18, 2019); and (ii) any challenges to "the validity of the delegation provision in particular," *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 74 (2010).  A party may *not* seek judicial resolution of the validity of the arbitration agreement as a whole in the face of a delegation provision.  *See Kum Tat Ltd. v. Linden Ox Pasture*, LLC, 845 F.3d 979, 983 (9th Cir. 2017) (distinguishing "challenges to the *validity of a contract* with an arbitration clause" from "challenges to the *very existence of the contract*, [the latter of which] are, in general, properly directed to the court") (emphasis added).

The party seeking arbitration must prove the existence of an agreement by a preponderance of the evidence, *see Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017), and "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration," *Green Tree Fin. Corp.-Ala v. Randolph*, 531 U.S. 79, 91 (2000).  The court may consider "affidavits, declarations, or other competent evidence" in deciding whether the existence of an arbitration agreement has been proven by a preponderance of evidence.  *Lomeli v. Midland Funding, LLC*, No. 19-CV-01141-LHK, 2019 WL 4695279, at \*4 (N.D. Cal. Sept. 26, 2019).  "The nonmoving party's opposition … must consist of more than unsupported allegations or denials."  *Id.*  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

Where a dispute is subject to arbitration, the district court "shall on application of one of the parties stay the trial of the action until arbitration has been had."  9 U.S.C. § 3; *see also Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d 130, 133 (9th Cir. 1988).

## IV.  ARGUMENT

### A.  Plaintiffs Agreed to Arbitration and Their Agreements Must Be Enforced

The threshold question here is whether Plaintiffs actually entered into an agreement in the first instance.  *See Kum Tat Ltd.*, 845 F.3d at 983; *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1248 (N.D. Cal. 2019).  In answering that question, "federal courts apply ordinary state-law principles that govern the formation of contracts."  *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171,

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

8

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

1175 (9th Cir. 2014) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)) (internal quotation marks omitted). Whether under the law of Missouri, Wisconsin, or California,[3] formation of a contract requires a "mutual manifestation of assent," which turns on whether the consumer has actual or constructive notice of the terms of the agreement. *Id.* at 1175-77.

That manifestation of assent exists here. Both Plaintiffs allege they are Words With Friends players. As such, they both had to affirmatively acknowledge the Terms through in-game prompts. Because Plaintiffs manifested their assent to the Terms through those in-game prompts, they are bound by the mandatory arbitration agreement contained therein.

Zynga's records of Plaintiffs' activity confirm this. They show that, after the mandatory arbitration provision was added to the Terms in August 2014, Ms. Thomas created an account and repeatedly accepted the Terms, including most recently on January 31, 2020, when Zynga provided her with an in-game notification requiring her to agree to the Terms—which were conspicuously linked in the notification—in order to continue playing. Ferris Decl. ¶ 21. Ms. Thomas clicked "Accept" on that notification, and she has continued to play Words With Friends up to the present time. *Id.* ¶¶ 19, 21. Likewise, Zynga's records show that Ms. Johnson began playing on February 16, 2016, after the mandatory provision was added to the Terms. *Id.* ¶ 24. At the time of her initial login, Ms. Johnson agreed to the Terms by tapping on one of the login buttons on the initial login screen, which advised that by doing so she would be accepting the Terms. *Id.* ¶ 26.

Courts readily enforce the sort of online agreements that Plaintiffs were required to accept in order to play Words With Friends. *See, e.g.*, *Nguyen*, 763 F.3d at 1176-77 (citing with approval a decision enforcing agreement where users were notified of the agreement by text appearing

---

[3] The Terms contain a California choice-of-law provision, but the applicability of that provision turns on whether the parties agreed to be bound by the Terms in the first instance. *See Nguyen*, 763 F.3d at 1175 (recognizing choice of law provision did not apply to the question of contract formation but finding no difference in New York and California law on "mutual assent"); *see also Eiess*, 404 F. Supp. 3d at 1249. Plaintiffs allege they are citizens of Missouri and Wisconsin, Compl. ¶¶ 5-6, and there is no evidence that they agreed to Zynga's Terms anywhere other than where they reside. Like California, both states require mutual assent. *See, e.g.*, *Strain v. Murphy Oil USA, Inc.*, No. 6:15-cv-3246-MDH, 2016 WL 540810, at **3-4 (W.D. Mo. Feb. 9, 2016) (finding mutual assent to arbitration agreement under Missouri law); *Nevill v. Johnson Controls Int'l PLC*, 364 F. Supp. 3d 932, 944-46 (E.D. Wis. 2019) (finding mutual assent to arbitration agreement under Wisconsin law).

LATHAM&WATKINS<sup></sup>
ATTORNEYS AT LAW
SAN FRANCISCO

9

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

below a "Sign Up" button, which advised users: "By clicking Sign Up, you are indicating that you have read and agree to the Terms of Service"); *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2018 WL 1913832, at *2 (N.D. Cal. Jan. 24, 2018) (enforcing agreement where user was required to click an "I agree" box to continue using an online service).  Indeed, the Northern District has enforced a prior version of a Zynga game's Terms of Service, holding that "clickwrap presentations providing a user with access to the terms of service and requiring a user to affirmatively accept the terms, even if the terms are not presented on the same page as the acceptance button, are sufficient."  *Swift v. Zynga Game Network, Inc.,* 805 F. Supp. 2d 904, 912 (N.D. Cal. 2011).

That *Zynga* decision stands in good company.  *See, e.g.*, *Peter v. DoorDash, Inc.*, No. 19-CV-06098-JST, 2020 WL 1967568, at *4 (N.D. Cal. Apr. 23, 2020) (enforcing agreement where DoorDash required users to tap a "Sign Up" button and notified users that doing so manifested agreement to hyperlinked terms); *Cordas v. Uber Techs., Inc*., 228 F. Supp. 3d 985, 990-91 (N.D. Cal. 2017) (upholding modified clickwrap agreement where user "affirmatively assent[ed]" to Uber's terms "by clicking" a sign-in button on a page displaying a notice that user was agreeing to be bound by the linked terms); *see also Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017) (enforcing same Uber arbitration agreement as *Cordas* and collecting cases).

Accordingly, Plaintiffs validly agreed to the Terms through the in-game prompts they had to accept in order to play Words With Friends.  Indeed, they implicitly admit they agreed to the Terms in bringing their Privacy Policy contract claim.  *See* Compl. ¶¶ 130-37.  Their agreements to arbitrate must be enforced.

**B.**   **The Terms Clearly and Unmistakably Delegate Any Arbitrability Questions to an Arbitrator**

To the extent Plaintiffs seek to raise any questions regarding the validity, enforceability or applicability of the arbitration agreement, those questions, too, are for the arbitrator, not this Court—because the parties "clearly and unmistakably" agreed to delegate any such questions of arbitrability.  *Brennan*, 796 F.3d at 1128-29 (holding that unconscionability challenge to an arbitration agreement was a question for the arbitrator where the parties "clearly and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

unmistakably" delegated arbitrability questions); *see also Henry Schein*, 139 S. Ct. at 530 ("Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator."); *Dekker v. Vivint Solar, Inc.*, No. C 19-07918 WHA, 2020 WL 1429740, at *4 (N.D. Cal. Mar. 24, 2020), *appeal pending on other grounds*, No. 20-15572 (9th Cir. Apr. 1, 2020) (holding that enforceability of waiver of right to seek a public injunction is for the arbitrator).  Indeed, there are two separate grounds for finding that the Terms clearly and unmistakably effect such a delegation.  Either ground provides a sufficient basis to compel arbitration of any arbitrability questions Plaintiffs might seek to litigate here.

*First*, the arbitration provision in the Terms contains a delegation provision that "is plain on the face of the arbitration agreement and must be observed."  *Dekker*, 2020 WL 1429740, at *4.  That delegation provision provides in plain English:

> If any party disagrees about whether this Section 15 (or any portion of this Section 15, including without limitation the provisions relating to arbitration, class action waiver, and opting out) can be enforced or whether it applies to the dispute, the parties all agree that the arbitrator will decide that, too.

Courant Decl., Ex. 6 (current) at 14; *see also id.*, Ex. 5 (May 2018) at 14; *id.*, Ex. 4 (Jul. 2016) at 10; *id.*, Ex. 1 (Aug. 2014) at 12.  This language constitutes a clear agreement to delegate to an arbitrator any questions regarding whether the parties' arbitration agreement "can be enforced or whether it applies to the dispute."  *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) ("Clear and unmistakable evidence of an agreement to arbitrate arbitrability 'might include … an express agreement to do so.'") (citation omitted); *Fridman v. Uber Techs., Inc.*, No. 18-cv-02815-HSG, 2019 WL 1385887, at **4-5 (N.D. Cal. Mar. 27, 2019) ("[G]ateway challenges to the validity of the Arbitration Provision … must be decided by an arbitrator" where "the terms of the delegation provision clearly and unmistakably delegate [them].").

*Second*, the arbitration provision in the Terms states that the "rules and procedures" of the American Arbitration Association ("AAA") will "control any arbitration," and it provides a hyperlink to AAA's rules and procedures.  Courant Decl., Ex. 6 (current) at 14; *see also id.*, Ex. 5 (May 2018 version) at 14; *id.*, Ex. 4 (Jul. 2016) at 10; *id.*, Ex. 1 (Aug. 2014) at 13.  Those AAA

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

rules provide that an "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement."[4]  This, too, is clear and unmistakable evidence that the parties agreed to delegate to the arbitrator any disputes over arbitrability.  *See Brennan*, 796 F.3d at 1130; *Williams v. Eaze*, 417 F. Supp. 3d 1233, 1241 (N.D. Cal. 2019); *Cordas*, 228 F. Supp. 3d at 991-92; *McLellan v. Fitbit, Inc.*, No. 3:16-cv-00036-JD, 2017 WL 4551484, at *2 (N.D. Cal. Oct. 11, 2017).

### C.   If the Court Finds There Is a Genuine Factual Dispute as to Whether Plaintiffs Agreed to Arbitrate, the Court Should Compel Limited Discovery on the Issue

The Court has all the evidence before it that it needs in order to compel arbitration.  However, should Plaintiffs attempt to come forward in their opposition with evidence contesting that they agreed to arbitrate, and should the Court further find that the evidence raises a genuine factual dispute as to whether Plaintiffs accepted Zynga's Terms, then the Court should compel limited discovery on the issue.  *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) ("The FAA provides for discovery … in connection with a motion to compel arbitration … if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'") (quoting 9 U.S.C. § 4); *Martinez v. Terminex Int'l Co., L.P.*, No. 15-cv-00619-THE, 2015 WL 12826468, at *3 (N.D. Cal. May 20, 2015) (allowing "limited discovery regarding the contract formation at issue.").  In particular, given that Plaintiffs provided only certain email addresses two business days before this filing to help Zynga investigate the relevant facts, *see* Turner Decl. ¶ 4; *id.*, Ex. 1, Zynga reserves its right to seek additional discovery relevant to contract formation, including, for example, discovery of Plaintiffs' Zynga user IDs or their Facebook IDs, which Zynga asked for in March but Plaintiffs still have yet to provide.  *See* Turner Decl. ¶ 4; *id.*, Ex. 1.

## V.   CONCLUSION

For all the reasons set forth above, the Court should grant Zynga's Motion to Compel Arbitration and stay judicial proceedings in this matter until the arbitrator resolves all issues

---

[4] The AAA rules are available at https://www.adr.org/sites/default/files/CommercialRules_Web.pdf

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR

1    properly delegated by the Terms.   Alternatively, the Court should compel limited discovery
2    regarding contract formation.
3    DATED:  May 26, 2020                          LATHAM & WATKINS LLP
4
                                                    /s/ Elizabeth L. Deeley
5                                                   Elizabeth L. Deeley (CA Bar No. 230798)
                                                      elizabeth.deeley@lw.com
6                                                   505 Montgomery Street, Suite 2000
                                                    San Francisco, California 94111-6538
7                                                   Telephone:  +1.415.391.0600
                                                    Facsimile:  +1.415.395.8095
8
                                                    Susan E. Engel (*pro hac vice* pending)
9                                                     susan.engel@lw.com
                                                    555 Eleventh Street, N.W., Suite 1000
10                                                  Washington, D.C. 20004-1304
                                                    Telephone: +1.202.637.2200
11                                                  Facsimile: +1.202.637.2201
12                                                  Serrin Turner (*pro hac vice* pending)
                                                      serrin.turner@lw.com
13                                                  885 Third Avenue
                                                    New York, NY 10022-4834
14                                                  Telephone: +1.212.906.1200
                                                    Facsimile: +1.212.751.4864
15
                                                    Attorneys for Defendant *Zynga Inc.*
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

ZYNGA'S NOT. OF MOT. AND MOTION TO
COMPEL ARBITRATION
CASE NO. 4:20-CV-02024-YGR